UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MUSIC ROYALTY CONSULTING, INC.

      **Plaintiff,**

v.                                                                        Case No: 6:22-cv-2110-RBD-DCI

WILLIAM RUDOLPH MCLEAN

      **Defendant.**

## ORDER

In this breach of contract case, the Court granted summary judgment for Plaintiff as to liability and, after a hearing, entered a declaratory judgment in Plaintiff's favor, awarded Plaintiff monetary remedies, and ordered Defendant to perform. Doc. 84. On September 30, 2024, Defendant appealed. Doc. 93. Now before the Court is Plaintiff's Motion to Quash Improper Subpoena (Doc. 133) and Defendant's response, which also purports to be a motion to compel compliance with the same subpoena. Doc. 134.

On March 8, 2025 Defendant mailed to Plaintiff's lawyer, Erica Sarver, a document titled "Subpoena Duces Tecum" that contained the caption of this Court and purported to require Ms. Sarver to email Defendant a copy of "Zoom recording of June 24, 2024 conference" no later than March 17, 2024, which was nine days after the subpoena was placed in the mail. Doc. 133-1. Plaintiff seeks to quash that subpoena because:

> (1) this case is closed (as is discovery); (2) the subpoena is substantively and procedurally defective; (3) the subpoena seeks production from MRCI's counsel of material not in counsel's possession; and (4) the information sought could not be used in the pending appeal, anyway.

Doc. 133 at 2. These are all valid bases to quash the subpoena, assuming it is a subpoena.

Because the subpoena is to a non-party—Ms. Sarver—it must comply with Rule 45. It does not. The subpoena lacks a specified time and place for compliance (*see* Rule 45(a)(1)(A)(iii)) and fails to include the text of Rule 45(d) and (e) (*see* Rule 45(a)(1)(A)(iv)). Defendant also failed to comply with the pre-service notice requirement of Rule 45(a)(4). These failings render the subpoena violative of Rule 45. They also preclude the Court from determining whether the subpoena to Ms. Sarver (who is in Detroit, Michigan) runs afoul of Rule 45(c)(1)(A) and is subject to being quashed pursuant to Rule 45(d)(3)(A)(ii). And though it may not be an independent reason to quash the subpoena, the Court notes that the subpoena was not issued by the Court or the Clerk and is not in the form of a subpoena that the Court or the Clerk would issue. *See* Rule 45(a)(2) & (3).

In addition, the subpoena is violative of Local Rule 3.04, which requires that, "A deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice to the deponent or responding person." As one court in this district has explained:

> Under Rule 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). Rule 45(d)(3) provides that, on a timely motion, a court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The moving party must establish that the subpoena must be quashed. *Bledsoe v. Remington Arms Co., Inc.*, No. 1:09-cv-69, 2010 WL 147052, *1 (M.D. Ga. Jan. 11, 2010) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).
>
> Although there is no fixed time limit for service of subpoenas under Rule 45, the Middle District of Florida Local Rules states that "[a] deposition by oral examination . . . requires fourteen days' written notice." Local Rule 3.04, M.D. Fla.

*Greacen v. Town of Redington Beach*, 2021 WL 2551625, at *1–2 (M.D. Fla. June 22, 2021) (quashing a subpoena that required compliance eight days after it was served). Because the

2

subpoena here was mailed nine days prior to the date of required compliance, it is due to be quashed as violative of Local Rule 3.04 and Rule 45(d)(3)(A)(i).

Further, Discovery in this case closed in November 2023. *See* Doc. 20. Defendant neither requested nor has stated any basis to reopen discovery in this case. Instead, Defendant simply mailed a homemade subpoena to Plaintiff's lawyer. The subpoena targets an apparent recording of a Zoom conference between the parties—not a hearing, a trial, or a judicial proceeding of any kind. And though Defendant asserts that the Circuit has granted him an extension in relation to the ongoing appellate proceedings, he has provided no basis—factual or legal—for the proposition that he may conduct discovery now, that the Circuit has requested such discovery, or that the Circuit would consider such extra-judicial evidence if it was procured and submitted to the Circuit. Regardless, Plaintiff proffers to the Court that it's lawyer no longer possesses the Zoom recording due to the passage of time.

In response to the motion to quash, Defendant filed a single-spaced document that violates Local Rule 1.08. As such, it is due to be stricken. Further, the response violates Local Rule 3.01(a) because it contains embedded within it a request for relief. And even if the Court did consider the response to be a motion, that motion would be due to be denied as violative of Local Rules 3.01(g) because it fails to certify pre-filing conferral as required by that Local Rule. Regardless, the response fails to state any legal basis to enforce the subpoena, whether by denying the request to quash or compelling compliance. While Defendant cites to some legal authority for general propositions and complains that Plaintiff's refusal to comply is based upon "technical defects," Defendant fails to adequately address the arguments made by Plaintiff. For example, Defendant fails to mention—let alone defend—his apparent violation of Local Rule 3.04 or the apparent unreasonableness of the time for compliance under Rule 45(d)(3)(A)(i).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Quash (Doc. 133) is **GRANTED in part** such that the subpoena attached to the motion (i.e. Doc. 133-1) is **QUASHED** and **DENIED in part** to the extent it seeks other relief;[1] and

2. Defendant's response (Doc. 134) is **DENIED** to the extent it seeks relief from the Court.

**ORDERED** in Orlando, Florida on April 29, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] At the conclusion of the motion, Plaintiff requests fees and costs associated with its filing. Plaintiff cites no rule or other legal basis for the request. As such, the request is denied as perfunctory.