**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MUSIC ROYALTY CONSULTING, INC.**

      **Plaintiff,**

**v.**                                                        **Case No: 6:22-cv-2110-RBD-DCI**

**WILLIAM RUDOLPH MCLEAN**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

In this breach of contract case, the Court granted summary judgment in favor of Plaintiff as to liability and, after a hearing, entered a declaratory judgment in Plaintiff's favor, awarded Plaintiff monetary remedies, and ordered Defendant to perform.  Doc. 84.

After judgment, Plaintiff filed a motion seeking entitlement to attorney fees to the extent that Plaintiff "seeks to be indemnified under Paragraph 19 [of the Irrevocable Royalty Purchase Agreement, (the Agreement)] because those fees were incurred to enforce MRCI's rights with respect to third-party royalty payors ASCAP and SX."  Doc. 90 at 4.  The Agreement is the contract under which Plaintiff brought this action.  The undersigned notes that Plaintiff did not seek entitlement to attorney fees expended in this action under the Agreement, as paragraph 18 of the Agreement explicitly disclaimed any fee-shifting in an action brought to enforce the Agreement. Plaintiff also sought "attorneys' fees under Cal. Code Civ. P. § 128.5(a), which allows a trial court to award attorneys' fees where "incurred . . . as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay."  Doc. 90 at 4.  But Plaintiff contemporaneously filed a separate motion seeking those specific sanctions.  Doc. 89.

Shortly after Plaintiff filed those motions, Defendant filed a notice of appeal.  Doc. 93. Following some additional proceedings, the undersigned denied without prejudice the motion for attorney fees due to the pending appeal.  Doc. 98.  Further, the Court denied on the merits the motion for sanctions under the California statute.  Doc. 101.  Following some fairly extensive further proceedings, the Eleventh Circuit Court of Appeals affirmed the Court's judgment in all respects.  Doc. 182.

Now before the Court is Plaintiff's Renewed Motion for Determination of Entitlement of Attorneys' Fees and Expenses.  Doc. 185 (the Motion).  As an initial matter, the Motion is due to be denied for two separate failures to comply with the rules and orders governing this proceeding. First, the Motion fails to adequately comply with Local Rule 3.01(g) and this Court's Case Management and Scheduling Order (the CMSO).  Doc. 20.  Specifically, in the conferral certification, Plaintiff states that, "Attorney Dunn discussed the relief sought in the foregoing motion with Attorney Jung by email, and the latter responded that she did not concur with the relief sought, thus necessitating this motion."  The CMSO states as follows concerning conferral:

> Before filing a motion not exempted under Local Rule 3.01(g), the moving party shall engage in a substantive conversation with the opposing party—**in person or by telephone**—in a good-faith effort to resolve the issues raised by the motion without Court intervention ("Good Faith Conference"). **The duty to confer is not satisfied by emails** or other written correspondence—particularly an exchange of ultimatums through emails, letters, or facsimiles.

Doc. 20 at 7.  Plaintiff failed to comply with the CMSO.

Second, in the Motion, Plaintiff improperly incorporates by reference the argument from a different motion.  As with the first motion for attorney fees, Plaintiff filed a contemporaneous motion for sanctions under the California statute.  *See* Doc. 186.  And, as with the first motion for attorney fees, Plaintiff requested both indemnification under the Agreement and fees under the

California statute. *See* Doc. 185. The entirety of Plaintiff's argument for attorney fees under the California statute is as follows: "As more fully set forth in MRCI's contemporaneously filed Motion for Sanctions, MRCI is entitled to its attorneys' fees because Mr. McLean's conduct throughout this litigation has been 'totally and completely without merit or for the sole purpose of harassing an opposing party.'" Doc. 185 at 9 (quoting Cal. Code Civ. P. § 128.5(b)(2)). However, Local Rule 3.01(h) provides as follows: "NO INCORPORATION BY REFERENCE. A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief." As such, the Motion is due to be denied as violative of Local Rule 3.01(h).

Because this is a Report and Recommendation, the undersigned makes further recommendations concerning the substance of the Motion. As to the request for attorney fees under the California statute, the Court has entered an order denying the motion for sanctions and finding that "sanctions are unwarranted at this time." Doc. 191 at 1. As such, to the extent the Court considers the argument in the Motion regarding the California statute, the Motion is due to be denied for the reasons stated in the Court's order entered March 30, 2026. Doc. 191.

As to the request for attorney fees under paragraph 19 of the Agreement, the undersigned recommends that Plaintiff has not established a basis to award post-judgment attorney fees under that provision of the Agreement at this time, or in this action. Indeed, Plaintiff is not seeking an entitlement to attorney fees expended in this action. *See* Doc. 185 at 4. Instead, Plaintiff seeks to enforce the indemnification provision of the Agreement and obtain a judgment for attorney fees expended in relation to actions against non-parties. *Id.* at 5. In support of this relief, Plaintiff cites solely to two California state court opinions. In *Wilshire-Doheny Assocs. Ltd. v. Shapiro*, 83 Cal. App. 4th 1380, 1389 (2000), the court construed a provision of California Corporations Code in

3

conjunction with indemnity agreements between the parties and found that neither the code provision's language nor the indemnity agreements between the parties were limited to suits against third-parties. *Id.* at 1396. Thus, the court found that "it has not been shown the indemnity provisions are inapplicable merely because appellants seek indemnification for attorney's fees and costs incurred in an action brought by the indemnitor . . . ." *Id.* The court also concluded that the code "is not, by its terms, limited in application to third party lawsuits. Thus, that appellants were sued by the corporation is not a bar to recovery." *Id.* at 1390. But that is not the situation here. Here, it has not been shown that the California code applies, nor is Plaintiff seeking indemnification for fees incurred in this action. *See* Doc. 185 at 4-5. Thus, the case provides Plaintiff no support. Similarly, *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1031 (2011), provides no support to Plaintiff's claim. In that case, the Court construed an indemnification provision in considering motions for summary judgment. The construction of the indemnification provision resolved claims in the action, not a request for post-judgment fees.

Fundamentally, Plaintiff has provided no support for the proposition that the Court should now award post-judgment attorney fees for expenses that Plaintiff incurred *outside* of this action. And none of the limited authority Plaintiff provided stands for that proposition either. It appears that any claim for indemnification under Paragraph 19 of the Agreement could be brought as a separate claim, though the undersigned states no opinion as to whether that should have been a claim in this action or should be the subject of a separate action. Nor does the undesigned opine that a claim as articulated by Plaintiff in the Motion is actionable under Paragraph 19. And to be sure, Plaintiff apparently concedes that the attorney fees provision of the Agreement—Paragraph 18—provides no basis for fee-shifting for the expenses Plaintiff incurred in this action. Doc. 185 at 7. So, there is no doubt that Plaintiff is seeking indemnification for expenses other than those

4

incurred in this action, and, as such, there is no argument here that the indemnification provision of Paragraph 19 allows fee-shifting in this action, which is what the court discussed in *Wilshire-Doheny Assocs. Ltd.*

Thus, it is respectfully **RECOMMENDED** that the Motion (Doc. 185) be **DENIED**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended** in Orlando, Florida on April 3, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE